IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS S. ERVIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-1697-K |
| | § | |
| DALLAS COUNTY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for Summary Judgment, filed November 17, 2009. Following its review and consideration of the motion, response, reply, summary judgment record, and the applicable law, the court rules that Defendant's Motion for Summary Judgment is **granted**, and Plaintiff's racial and sexual discrimination claims are **dismissed with prejudice**.

### I.    Factual and Procedural Background

The majority of the facts described herein are presented in the summary judgment record as undisputed. However, where facts are disputed they are stated in the light most favorable to Plaintiff, the non-movant.

Plaintiff Thomas Ervin ("Ervin") was employed by the Dallas County Sheriff's Department (the "County") beginning in 1993. Ervin became a Deputy Sheriff in 1995. Prior to November 2004, Ervin and a co-worker, Shawna Turner ("Turner") both took

1

and passed the required tests for promotion to the position of Senior Sargent.  Based upon their scores, Turner was placed first and Ervin second on a promotional eligibility list approved by the Sheriff's Department Civil Service Commission (the "Commission") effective November 20, 2004.  The promotional eligibility list expired on November 19, 2006, and neither Turner nor Ervin were promoted to Senior Sargent before the list expired.

In April 2007, both Turner and Ervin filed internal grievances asserting that two Senior Sargent positions (#3908 and #7777) had been open prior to the time the promotional list expired, and that therefore they were eligible for and entitled to promotion to these positions.  The Secretary to the Commission, Mattye Mauldin-Taylor ("Mauldin-Taylor") researched the issue and determined that position #3908 had been eliminated as of October 9, 2006.  Even though #3908 was not a viable, open position, it had not been removed from the position list due to an administrative error. Mauldin-Taylor further determined that position #7777 was not vacated until November 21, 2006, after the promotional list had expired.  Based on these findings, Mauldin-Taylor determined that neither position was available prior to the expiration of the promotional list, and Turner and Ervin's complaints were not grievable.  Mauldin-Taylor informed Turner and Ervin of her findings on June 14, 2007.

Both Turner and Ervin appealed Mauldin-Taylor's decision to the Commission. The Commission decided to hear Turner's grievance but declined to hear Ervin's

grievance.  As to Turner's grievance, the Commission determined that the last working

day for the employee who previously held position #7777 was November 15, 2006,

which was prior to the expiration of the promotional list on November 19, 2006.

Therefore, that position was considered vacant as of November 15, 2006.   The

Commission awarded position #7777 to Turner.

Ervin filed a Charge of Discrimination with the EEOC on July 10, 2008, claiming

that the County denied him a grievance hearing and failed to promote him due to his

race and gender.  He received a right to sue letter from the EEOC on July 17, 2008.  He

then filed the instant case against the County on September 25, 2008, bringing claims

for race and gender discrimination under Title VII, 42 U.S.C. § 2000e, *et seq.,* and 42

U.S.C. § 1983.  The County now moves for summary judgment on all of Ervin's claims.

II.     **Summary Judgment Standard**

Summary judgment is appropriate when the pleadings, affidavits and other

summary judgment evidence show that no genuine issue of material fact exists and the

moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex

Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2551 (1986). The moving party

bears the burden of identifying those portions of the record it believes demonstrate the

absence of a genuine issue of material fact.  *Celotex,* 477 U.S. at 322-25, 106 S.Ct. at

2551-54.  Once a movant makes a properly supported motion, the burden shifts to the

nonmovant to show that summary judgment should not be granted; the nonmovant may

not rest upon allegations in the pleadings, but must support the response to the motion

with summary judgment evidence showing the existence of a genuine fact issue for trial.

*Id.* at 321-25, 106 S.Ct. at 2551-54; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-

57, 106 S.Ct. 2505, 2513-14 (1986).  All evidence and reasonable inferences must be

viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.,* 369

U.S. 654, 655, 82 S.Ct. 993 (1962).

### III.    Defendant's Motion for Summary Judgment

The County contends that there is no genuine issue of material fact whether it

failed to promote Ervin or denied him a grievance hearing on account of his race or sex,

and that therefore his discrimination claims must be dismissed.   The County

additionally argues that some of Ervin's claims are barred by the applicable statute of

limitations.  For the reasons stated below, the court agrees.

### A.    Applicable Legal Standards for Discrimination Claims

Although Ervin relies upon two separate federal statutes to form the basis of his

discrimination claims, it is well-established that section 1983 and Title VII claims are

parallel causes of action.  *Lauderdale v. Tex. Dep't Crim. Justice,* 512 F.3d 157, 166 (5th

Cir.2007) ("[T]he inquiry into intentional discrimination is essentially the same for

individual actions brought under sections 1981 and 1983, and Title VII.").  Therefore,

Ervin's federal and state claims may be analyzed together.

Under Title VII, an employer cannot fail or refuse to hire or to discharge any

individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Thus, the Title VII inquiry is whether the defendant intentionally discriminated against the plaintiff based upon one of the factors prohibited by Title VII. *Johnson v. Louisiana,* 351 F.3d 616, 621 (5th Cir. 2003), *citing United States Postal Service Bd. of Governors v. Aikens,* 460 U.S. 711, 715 (1983). To state a claim under section 1983, Ervin must 1) allege a violation of rights secured by the Constitution or the laws of the United States; and 2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Lauderdale,* 512 F.3d at 165.

To prevail on a claim of racial or gender discrimination, a plaintiff must demonstrate a *prima facie* case, and the defendant must then articulate a legitimate, non-discriminatory reason for its decision. *Keelan v. Majesco Software, Inc.,* 407 F.3d 332, 341 (5th Cir. 2005); *Machinchick v. PB Power, Inc.,* 398 F.3d 345, 352 (5th Cir. 2005). If the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either 1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or 2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive alternative). *Id.; Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003).

Under the pretext alternative, the plaintiff bears the ultimate burden of proving discriminatory intent, and must do so to prevail on his claim. *Rios v. Rossotti,* 252 F.3d 375, 378 (5th Cir. 2001), *citing Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133 (2000). However, if the plaintiff demonstrates under the second alternative that race or age was a motivating factor in the decision, the defendant then must prove that the same adverse employment decision would have been made regardless of discriminatory animus. *Keelan,* 407 F.3d at 341; *Machinchick,* 398 F.3d at 352. If the employer fails to carry this burden, plaintiff will prevail under the mixed-motive alternative. *Id.*

### B. Analysis of Ervin's Discrimination Claims

As the court has stated above, the County asserts that it is entitled to dismissal of all of Ervin's claims because they are time-barred, and/or because Ervin cannot set forth sufficient evidence to establish a *prima facie* case of discrimination or raise a genuine issue of material fact regarding pretext. Ervin's claims for failure to promote and denial of a grievance hearing will be analyzed below.

### 1. Failure to Promote

The County first argues that Ervin's Title VII claims arising from its failure to promote him to Senior Sargent must be dismissed because Ervin waited too long to file his charge of discrimination with the EEOC. The timely filing of a charge with the EEOC is a prerequisite to maintaining an action under Title VII. *See United Air Lines, Inc. v. Evans,* 431 U.S. 553, 555 n. 4, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Price v. Choctaw*

*Glove & Safety Co., Inc.,* 459 F.3d 595, 598 (5th Cir.2006). Title VII Plaintiffs must exhaust their administrative remedies by filing a charge of discrimination with the EEOC within 300 days after learning of the alleged unlawful employment practice. *E.E.O.C. v. WC&M Enterprises, Inc.,* 496 F.3d 393, 398 (5th Cir. 2007); *Huckabay v. Moore,* 142 F.3d 233, 238 (5th Cir.1998); 42 U.S.C. § 2000e-5(e)(1). This limitation period is not tolled by the pendency of a grievance or other review process that may take place after the employee is informed of the adverse employment decision. *Delaware State College v. Ricks,* 449 U.S. 250, 261 (1980).

The County's summary judgment evidence shows that Ervin knew at least by June 14, 2007 that he would not be promoted to Senior Sargent.  Ervin filed his charge of discrimination on July 10, 2008, more than 300 days later.  In his response, Ervin has not disputed this proof, but states that his Title VII claims are not based on the County's failure to promote him.  Rather, Ervin asserts that his Title VII claims are based upon the County's decision to deny him a grievance hearing regarding his non-promotion, which occurred later.  Therefore, the court finds that to the extent Ervin has pleaded a Title VII claim for failure to promote, this claim is untimely because he failed to exhaust his administrative remedies, and it must be dismissed.

Although Ervin may not pursue his failure to promote claim under a Title VII theory, his section 1983 claims are not subject to any exhaustion requirement.  The statute of limitations on a section 1983 claim is two years.  *See* Tex. Civ. Prac. &

7

Rem.Code Ann. § 16.003(a) (Vernon Supp.2009); *Price v. City of San Antonio,* 431 F.3d 890, 892 (5th Cir.2005). Therefore, Ervin's section 1983 claim was timely filed, and the court will examine the merits of this claim.

To establish a *prima facie* case of discrimination for failure to promote, Ervin must show that 1) he is a member of the protected class; 2) he sought and was qualified for the position; 3) he was rejected for the position; and 4) the position was given to someone outside the protected class. *Septimus v. Univ. of Houston,* 399 F.3d 601, 609 (5th Cir.2005); *Celestine v. Petroleos de Venezuela, S.A.,* 266 F.3d 343, 354-55 (5th Cir.2001). A plaintiff must establish that he meets objective promotion criteria at the *prima facie* stage of his case. *Medina v. Ramsey Steel Co., Inc.,* 238 F.3d 674, 681 (5th Cir.2001). The summary judgment record shows that Ervin has established the requisite *prima facie* showing of discrimination on his failure to promote claim.

Because Ervin has successfully established a *prima facie* case of discrimination, the burden now shifts to the County to articulate a legitimate, non-discriminatory reason for not promoting Ervin. *Lee v. Kansas City S. Ry. Co.,* 574 F.3d 253, 259 (5th Cir. 2009); *Okoye v. Univ. of Texas Houston Health Science Center,* 245 F.3d 507, 512 (5th Cir.2001). If the County meets its burden of production, Ervin must then offer sufficient evidence to create a genuine issue of material fact either 1) that the County's reason is not true, but is instead a pretext for discrimination (pretext alternative); or 2) that the County's reason, while true, is only one of the reasons for its conduct, and

another motivating factor is his race or gender (mixed-motive alternative).  *Id.; Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003).

The County has provided proof of a legitimate, non-discriminatory reason for not promoting Ervin to Senior Sargent.  Specifically, the County has shown that after it looked into the matter, it determined that position #3908 had been discontinued and was not actually open, and that it discovered that position #7777 actually was available prior to the expiration of the promotional list on November 19, 2006.  The county has also set forth evidence that it awarded position #7777 (the only position it determined it had open) to Turner because she was the highest-ranked employee on the promotional list.

Because the County has successfully carried its summary judgment burden, Ervin must now set forth evidence raising a genuine issue of material fact as to either pretext or mixed-motive.  Ervin states that the County's proffered reason is a pretext for discrimination because position #3908 was not discontinued.  However, even if this assertion is viewed in the light most favorable to him, Ervin presents no evidence as to who filled position #3908, let alone the race or gender of that person.  This evidence is insufficient to raise a material fact issue as to the ultimate question – whether Ervin was treated less favorably than another employee due to his gender or race.

Further, Ervin has not disputed the County's evidence that at the time the decision was made, the County believed position #3908 had been discontinued, and

9

thus it did not award the position to Ervin.  Although the County may have been

mistaken about whether or not position #3908 had been discontinued, the court's

concern on summary judgment is whether the County's perception of what took place,

whether accurate or not, was the real reason for its failure to award the position to Ervin.

*Laxton v. Gap, Inc.,* 333 F.3d 572, 579 (5th Cir. 2003); *Evans v. City of Houston,* 246 F.2d

344, 355 (5th Cir. 2001).  It is not whether the County's proffered reason was an *incorrect*

reason for its actions.  *Laxton,* 333 F.3d at 579 (emphasis in original); *Sanstad v. CB*

*Richard Ellis, Inc.,* 309 F.3d 893, 899 (5th Cir.), *cert. denied,* 539 U.S. 526 (2002).  The

pertinent inquiry is whether the evidence supports an inference that the County

intentionally discriminated against Ervin.

It is well established that employment discrimination laws are not intended to be

a vehicle for transforming the courts into personnel managers who second-guess the

business decisions of employers.  *Bryant v. Compass Group USA, Inc.,* 413 F.3d 471, 478

(5th Cir. 2005), *cert. denied,* 546 U.S. 1090 (2006); *Bienkowski v. American Airlines, Inc.,*

851 F.2d 1503, 1507-08 (5th Cir. 1988).  Management does not have to make proper

decisions, only non-discriminatory ones.  *Bryant,* 413 F.3d at 478, *citing Little v. Republic*

*Refining Co.,* 924 F.2d 93, 97 (5th Cir. 1991).  Ervin has not disputed the County's belief

that position #3908 was not available.  Even if that belief was incorrectly held, Ervin has

failed to set forth any proof that the real reason he was not promoted to position #3908

was racial or gender discrimination.  Because Ervin has failed to raise a genuine issue of

material fact regarding pretext, this claim must be dismissed.

## 2.      Denial of Grievance Hearing

Ervin also claims that the County discriminated against him based upon his race and gender because he did not have an opportunity for a grievance hearing on his non-promotion, whereas the County did allow Turner, a black female, to grieve the issue. Discrimination claims such as those brought by Ervin must be grounded on an adverse employment action. *Pegram v. Honeywell, Inc.,* 361 F.3d 272, 282 (5th Cir. 2004).  For purposes of a discrimination claim, "adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport,* 492 F.3d 551, 559 (5th Cir. 2007); *Pegram,* 361 F.3d at 282.  Denial of a grievance hearing does not qualify as an actionable adverse employment action. *Dollis v. Rubin,* 77 F.3d 777, 781-82 (5th Cir. 1995); *see also Gregory v. Texas Youth Comm'n,* 2004 WL 2244241, **1 (5th Cir. 2004) (denying employee access to internal grievance process not an ultimate employment decision); *Lynch v. Baylor Univ. Med. Ctr.,* 2006 WL 2456493, *9 n.8 (N.D. Tex. 2006) (denial of internal grievance procedure does not constitute an adverse employment action).

Although it is undisputed that the County denied Ervin the opportunity to grieve the issue, this denial is not an adverse employment action that will support a discrimination claim.   Accordingly, Ervin cannot establish a *prima facie* case of discrimination with regard to this claim, and it must be dismissed.

11

## IV.    Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is **granted**, and Ervin's claims are hereby **dismissed with prejudice.**  Judgment will be entered by separate document.

**SO ORDERED.**

Signed February 22nd, 2010.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE